# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JORDAN JOSEPH KINARD,** | ) | |
| Plaintiff, | ) ) | Case No. 7:15CV00113 |
| v. | ) ) ) | **OPINION** |
| **MS. B. J. RAVIZEE, ET AL.,** | ) ) ) | By: James P. Jones<br>United States District Judge |
| Defendants. | ) ) | |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

Plaintiff Jordan Joseph Kinard brings a Motion for Preliminary Injunction in this newly filed case, asking the court to: (1) order prison officials not to "intimidate, oppress, harass, threaten, nor otherwise cause bodily harm" as threatened after a recent altercation involving pepper spray; and (2) to order prison officials to permit Sunni Muslim inmates to engage in congregational prayers during in-pod recreation and to wear kufis (religious hats) at all times, subject to reasonable searches. After review of the record, I will deny Kinard's motion.

The party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, *and* an injunction is in the public interest." *Winter v. Natural Res. Def.*

*Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis added). A "plaintiff[] seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction. *Id.* at 22. "Issuing a preliminary injunction based only on a *possibility* of irreparable harm is inconsistent with" the fact that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (emphasis added).

Kinard's first requested injunction would, in essence, direct officers not to harm him like they allegedly did during an altercation on February 12, 2015. As he describes it, he was so doubled up with stomach cramps that he could not stand up to comply with handcuffing procedures for the nurse to assess him and for that noncompliance, the escorting officer sprayed Kinard with pepper spray. From these allegations, I cannot find more than a mere possibility, rather than a likelihood, that officials would inflict similar harm on him in the future in the absence of the requested court intervention. Therefore, I must deny his motion for interlocutory injunctive relief in this regard under the second facet of the *Winter* standard.

Kinard's second requested injunction would direct prison officials to provide him immediately with the permanent injunctive relief he seeks in his primary underlying claim: the right to engage in congregational prayers as desired and to wear his religious headgear wherever he goes. He brings this claim under both the

First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Because the primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits, interlocutory injunctive relief which changes the status quo pending trial cannot be "availed of to secure a piecemeal trial" and will only be granted when the court determines that "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Kinard's motion for a preliminary injunction on this issue essentially asks me to decide now the merits of the claim, piecemeal, even before the defendants have had an opportunity to respond. I do not find evidence of any exigencies that demand such relief.

Moreover, a free exercise claim under RLUIPA and the First Amendment requires a showing that the challenged restriction places a "substantial burden" on the plaintiff's religious practice. *Lovelace v. Lee*, 472 F.3d 174, 187, 198 n. 8. Since Kinard is allowed to wear his kufi in his cell and during outdoor recreation and engage in other religious practices, I do not find that he has shown a likelihood of success on the merits of his free exercise claims or that he will suffer irreparable harm in the absence of the requested interlocutory intervention.

For the stated reasons, Kinard's factual allegations do not warrant the relief he seeks under *Winter*. Therefore, I will deny Kinard's Motion for Preliminary Injunction.

A separate order will be entered.

DATED: April 6, 2015

/s/ James P. Jones
United States District Judge