# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JORDAN JOSEPH KINARD,** | )<br>) |
| Plaintiff, | ) Case No. 7:15CV00113<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **B. J. RAVIZEE, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

In this action under 42 U.S.C. § 1983, the pro se plaintiff attempts to join together a variety of unrelated legal claims concerning multiple, unrelated events and time periods and names 43 individual prison officials as defendants. As it stands, the Complaint runs afoul of applicable joinder rules and the filing fee requirements of the Prison Litigation Reform Act ("PLRA") and cannot proceed as filed.

I.

Among other things, the plaintiff alleges in his Complaint that (a) he cannot wear his religious headgear while in segregation; (b) officers used excessive force or failed to intervene on February 12, 2015, and then denied medical care and imposed unconstitutional cell conditions; (c) on February 5-8, 2015, officials used

a 72-hour suicide watch to punish him; (d) for several weeks, beginning in May 2014, officials retained him in administrative segregation without due process and gave him insufficient food; (e) in December 2014, he had to fight another inmate to protect himself, despite his prior requests to be moved to another pod, and received inadequate medical care for resulting injuries; and (f) white inmates receive less severe disciplinary sentences than do African-American inmates like Kinard. As relief, Kinard seeks numerous unrelated injunctions and monetary damages.

Several weeks after submitting his 44-page Complaint, Kinard filed a Suppemental Complaint seeking to add additional factual matter and new defendants to the previously stated 12 claims. He also seeks to add Claim 13, suing the Wallens Ridge grievance coordinator for limiting the number of grievances he can file for 90 days, in retaliation for his prior and pending lawsuits.

II.

The present Complaint is not consistent with Rules 18 and 20 of the Federal Rules of Civil Procedure, regarding joinder of claims and parties. Rule 18(a) only allows a plaintiff to join either "as independent or alternative claims, as many claims as it has against an opposing party." Rule 20 allows the joinder of several parties only if the claims arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. *See* 6A Charles Alan Wright et al*., Federal Practice and Procedure* § 1583 (3d ed.

1998) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed). Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." *Green v. Denning*, No. 06-3298-SAC, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). These procedural rules apply with equal force to pro se prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" *Id.* (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Beyond the practical requirements of case management, to allow Kinard to pay one filing fee, yet join disparate claims against 43 parties, concerning at least six different events or factual issues, flies in the face of the letter and spirit of the PLRA. PLRA restrictions on prisoner-filed civil actions include: full payment of the filing fee in any civil action or appeal submitted by a prisoner through partial payments over time; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted, or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding in

forma pauperis if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious, or as stating no claim for relief. *See* 28 U.S.C. §§ 1915, 1915A. "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green,* 2009 WL 484457, at *2. As the court noted in *Green*:

> To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be "strike" under 28 U.S.C. § 1915(g).[1]

*Id*. at *3. To allow Kinard to essentially package many lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement.[2]

---

[1] Indeed, Kinard has three "strikes" under § 1915(g), but borrowed money to pay the filing costs to institute this lawsuit.

[2] *See, e.g., Pruden v. SCI-Camp Hill*, No. 3:CV-07-0604, 2007 WL 1490573, at *2 (M.D. Pa. May 21, 2007) (finding misjoinder where "[a] careful reading of Plaintiff's allegations shows that the only common thread they all share is that they allegedly occurred while he was incarcerated" and noting that "[i]n being permitted to combine in one complaint several separate, independent claims, Plaintiff is able to circumvent the filing fee requirements of the PLRA"); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

III.

Kinard's Complaint may not proceed as it is presently constituted, because it improperly joins together multiple claims and multiple defendants. Because Kinard is proceeding pro se, I will give him an opportunity to file an amended complaint. This amended complaint must be a new pleading, complete in all respects, which stands by itself without reference to the present Complaint, its attachments, or the proposed Supplemental Complaint already filed. The amended complaint must comply with the joinder rules; the claim or claims set forth in the amended document must arise out of the same transaction, occurrence, or series of transactions or occurrences; and the claim or claims must contain a question of law or fact common to all defendants. This procedure mirrors the approach taken by this court in other cases. *See, e.g., Dacre v. Fleming*, No. 7:12cv00055, 2012 WL 4325637, at *1 (W.D. Va. Sept. 20, 2012), *appeal dismissed*, 519 F. App'x 206, (4th Cir. 2013) (unpublished) (finding that order dismissing action without prejudice for failure to comply with prior order to file amended complaint was nonfinal and thus, a nonappealable order).

This opinion does not address Kinard's claims on the merits, and it does not mean that solely by virtue of my determination of misjoinder, he loses his right to litigate claims he may have. Kinard may file completely separate lawsuits naming such defendants and claims. He simply may not litigate *all* of his unrelated claims
-5-

against *all* these defendants in this single suit. Any additional lawsuit will obligate Kinard to pay the $350 filing fee and $50 administrative fee or to qualify to proceed in forma pauperis under § 1915(g). Additionally, both the amended complaint and any separately filed complaints will be subject to judicial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

IV.

It is accordingly **ORDERED** as follows:

1. In order to pursue any claim in this action, Kinard must file, within 20 days from entry of this order, an amended complaint complying with Rules 8, 10, 18 and 20 of the Federal Rules of Civil Procedure. Such amended complaint may join multiple defendants only if (a) the right to relief asserted against them arises out of the same transaction or occurrence, or series of transactions or occurrences, and (b) at least one question of law or fact is common to all defendants;

2. Kinard's filings to date will not be considered and must not be referenced by Kinard in any amended complaint; and

3. In the event that Kinard fails to timely file such an amended complaint, or files an amended complaint that violates the directions set forth herein, the court will promptly dismiss the action without prejudice.

ENTER: April 22, 2015

/s/ James P. Jones
United States District Judge