# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JORDAN JOSEPH KINARD,** | ) | |
| Plaintiff, | ) | Case No. 7:15CV00113 |
| v. | ) | **OPINION** |
| **MS. B. J. RAVIZEE, ET AL.,** | ) | By: James P. Jones<br>United States District Judge |
| Defendants. | ) | |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

Plaintiff Jordan Joseph Kinard brings a second Motion for Preliminary Injunction in this case regarding a past incident of alleged excessive force, medical care, and rules regarding religious practices at Wallens Ridge State Prison. After review of the record, I will deny Kinard's motion.

The party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with" the fact that injunctive

relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

Kinard first requests injunctions related to a pepper spray incident on February 12, 2015. As he describes it, when a nurse came to assess his medical complaint, he was suffering severe stomach cramps and did not immediately comply with orders to stand and be handcuffed; the escorting officer accused Kinard of faking, warned of pepper spray if he did not comply, and then immediately sprayed him with the substance. After being handcuffed, Kinard again doubled up from cramps, and the officer yanked the leash attached to the cuffs, which caused Kinard to smash his hand into the metal cell door.

Kinard alleges that the incident caused the knuckle bone of one finger to protrude from his hand and that for seven days, officers failed to provide medical care. He also claims the pepper spray exacerbated his preexisting abdominal issues and caused respiratory problems, but his pleas for medical care have been ignored. Kinard asks the court to order the defendants to provide immediate and appropriate medical treatment for the hand injury and respiratory problems. In addition, he alleges that two officers have threatened him if he files further grievances or continues to pursue another pending lawsuit. He asks the court to order the defendants not to threaten or injure him.

-2-

Case 7:15-cv-00113-JPJ-RSB   Document 13   Filed 04/27/15   Page 2 of 3   Pageid#: 172

From these allegations, I cannot find more than a mere possibility, rather than any likelihood, that officials would inflict similar physical harm on Kinard in the future in the absence of the requested court intervention. I also find no basis for injunctive relief regarding medical care. Kinard's allegations indicate that an X ray of his hand showed a deformity, but no fracture, and that he is receiving medication. His mere disagreement with the diagnoses and medical treatment provided is not grounds for injunctive relief and, indeed, does not state any constitutional claim. *See, e.g., Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, I must deny his motion for interlocutory injunctive relief related to the pepper spray incident.

Kinard's second requested injunction would direct prison officials to provide him immediately with the permanent injunctive relief he seeks in his underlying religious claim: the right to engage in congregational prayers as desired and to wear his religious headgear wherever he goes. For reasons stated in my April 6, 2015, Opinion denying Kinard's earlier motion on this issue, I do not find that Kinard's factual allegations warrant the relief he seeks.

A separate order will be entered denying the Motion for Preliminary Injunction.

DATED: April 27, 2015

/s/ James P. Jones
United States District Judge