IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JORDAN JOSEPH KINARD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00113 |
| | ) | |
| v. | ) | **OPINON AND ORDER** |
| | ) | |
| **B. J. RAVIZEE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

By order entered September 4, 2015, based on the parties' report that they had reached a settlement, I granted their Joint Motion to Dismiss this prisoner civil rights action under 42 U.S.C. § 1983, and administratively closed the case. Among other things, the settlement terms provided that the plaintiff would dismiss all claims against the defendants, if officials "returned [him] to a VDOC facility where he would be allowed to engage in congregational religious activities during in-pod recreation and where he could wear his Kufi out of his cell." (Joint Mot. Dismiss ¶ 1, Sept. 3, 2015, ECF No. 30.) At the request of the parties, the dismissal Order retained the court's jurisdiction over the matter for a period of 60 days. It provided that "if no party files a motion to reopen the case or to enforce the terms of the settlement within such time, this action shall, without further order, stand dismissed with prejudice." (Order, Sept. 4, 2015, ECF No. 31.)

On December 30, 2015, the court received the plaintiff's Motion to Re-Open Case that was signed and dated on December 7, 2015. The plaintiff contends that he is not able to practice his religious beliefs at Sussex I State Prison as he wishes and seeks transfer to another facility. I directed the defendants to respond, and they have done so.

The defendants assert that the plaintiff waited too long to file his motion seeking to reinstate the case and that they have complied fully with the terms of the settlement. The plaintiff was transferred from Wallens Ridge State Prison to Sussex I, as he had requested, on September 16, 2015. The defendants also reimbursed the plaintiff his prepaid filing fee for this case, although such reimbursement was not part of the setttlement. In addition, the defendants state that at Sussex I, the Plaintiff may engage in congregational religious activities and may wear his Kufi outside of his cell and housing unit, provided that it does not cover his face and is subject to search at any time. The plaintiff does not dispute this information about these accommodations of religious practices at Sussex I. Finally, the defendants state that the plaintiff's security level makes him ineligible for transfer to any of the facilities he names in his motion to reopen the case.

After review of the record, I conclude that the plaintiff's motion must be denied. He did not file it within 60 days from the dismissal Order. Moreover, it appears that the plaintiff has simply had second thoughts about the settlement. I

find that the defendants have complied with the settlement terms which led to the dismissal of this case with prejudice.

For the reasons stated, it is **ORDERED** that the Plaintiff's "Motion To Re-Open Case" (ECF No. 35) is DENIED, and the case is administratively closed.

ENTER: March 23, 2016

/s/ James P. Jones
United States District Judge