# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JORDAN JOSEPH KINARD,** | ) |
| Plaintiff, | ) Case No. 7:15CV00113 |
| v. | ) **OPINION AND ORDER** |
| **B. J. RAVIZEE, ET AL.,** | ) Judge James P. Jones |
| Defendants. | ) |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

On December 15, 2022, the court received state inmate Jordan Joseph Kinard's motion entitled, "Substantial Non-Compliance Complaint." Mot. 1, ECF No. 41. This motion is the latest in a series of attempts to enforce the settlement agreement in this long-closed case. After review of the record and the defendants' response, I must deny Kinard's motion.

By order entered September 4, 2015, based on the parties' report that they had reached a settlement, I granted their Joint Motion to Dismiss this action and the case was closed. Pursuant to the settlement agreement, Kinard was transferred from Wallens Ridge State Prison (WRSP) to a prison facility where he was permitted to engage in congregational religious activities during in-pod recreation and where he could wear his Kufi out of his cell. The dismissal Order retained the court's

jurisdiction over the matter for a period of 60 days.  I denied Kinard's subsequent motions seeking to reopen this case to enforce the settlement.

Kinard's current motion was filed in December 2022, years outside the 60-day window for this court's jurisdiction to enforce the settlement.  Kinard complains that prison officials recently transferred him back to WRSP where he wants more freedom to practice his religious beliefs.  He claims that I can reopen and enforce the settlement agreement to order a different housing assignment for him.[1]  He is mistaken.

Pursuant to the terms of the settlement agreement that Kinard signed and benefitted from, this case now stands dismissed with prejudice.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (holding federal rules do not "provide[] for jurisdiction of the court over disputes arising out of an agreement that produces [a] stipulation [of voluntary dismissal]," particularly where the relief sought is "enforcement of the settlement agreement"); Fed. R. Civ. P. 41(a)(1)(ii).  Moreover, the facts before me do not indicate any violation of the agreement.  Kinard presents no evidence that the settlement included any provision preventing his transfer back to WRSP.  Moreover, Virginia inmates, including those at WRSP, are

---

[1] Kinard apparently seeks this court's assistance to belatedly accept a settlement offer in a case he filed in the United States District Court for the Eastern District of Virginia.  This argument is frivolous.  I find no authority on which I could allow Kinard to revisit a party's settlement offer in another case in a different court.

permitted to wear religious head coverings (such as a Kufi) outside their cells.  In addition, WRSP inmates can attend a 90-minute, congregate Muslim service on Fridays.

Finding no ground on which I could enforce the settlement agreement as Kinard requests, based on unrelated events that occurred years after dismissal of this case, it is **ORDERED** that Kinard's motion, ECF No. 41, is DENIED.

ENTER: February 3, 2023

/s/  JAMES P. JONES
Senior United States District Judge